**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

In re:                                          Case No. 06-04435-swd
                                                Chapter 7

Patrick R. Dunne and Kathleen M. Dunne

                        Debtors.               Hon. Scott W. Dales
_____/

KATHLEEN M. DUNNE, f/k/a                        Adversary Proceeding No._____
KATHLEEN M. LIND,

                        Plaintiff,

v.

RICHARD K. LIND,

                        Defendant.
_____/

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**
**UNDER 11 U.S.C. § 523(a)(3)(A) AND 11 U.S.C. § 523(a)(15)**

Plaintiff-Debtor, Kathleen M. Dunne, f/k/a Kathleen M. Lind, in pro per ("Dunne"), complains against Defendant and says:

**<u>Jurisdiction</u>**

1.     This court has jurisdiction to hear this adversary proceeding under 28 U.S.C. § 1334 and 11 U.S.C. § 523.

2.     This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

**<u>Common Allegations</u>**

3.     Plaintiff, Kathleen M. Dunne, is a codebtor in the joint Chapter 7 bankruptcy case (Case No. 06-04435) that was filed on September 12, 2006

4.     Defendant Richard K. Lind is Plaintiff's ex-husband.  He currently resides at 2042 Bryceway Ct. NE, Kent County, Grand Rapids, MI 49505.

5.      This is a complaint to determine the dischargeability of Defendant's claim for reimbursement of a $8,762.74 payment that Defendant made to Sallie Mae on August 20, 2007, as co-signer on one of Plaintiff's law-school loans.

6.      Defendant currently has a motion pending in Kent County Circuit Court seeking reimbursement for the payment to Sallie Mae.  Concurrent with the filing of this Complaint, Plaintiff has filed a Notice of Removal of Defendant's pending state-law action.

7.      Plaintiff and Defendant were married on April 12, 1986.

8.      During the marriage, in May 1993, Plaintiff enrolled at Thomas Cooley Law School.  She received her J.D. degree in January 2006.

9.      On or about September 1995, Plaintiff borrowed $7,500 from Sallie Mae to cover tuition and other expenses related to law school.  Defendant co-signed the note with Sallie Mae.  In the promissory note dated October 2, 1995, Defendant acknowledged by his signature that he was being asked to guarantee the debt and that he would have to pay the debt if the Plaintiff did not.

10.     Plaintiff filed for divorce on March 21, 1996, and the divorce was finalized on October 11, 1996.  Pursuant to the Divorce Judgment, the parties each agreed to assume responsibility for certain debts incurred during the marriage; specifically, Plaintiff agreed, inter alia, to assume responsibility for her law-school loans with Sallie Mae.  The divorce judgment did not contain a "hold harmless" or other similar provision.

11.     On September 30, 1996 – before the divorce was finalized – Defendant filed an individual chapter 13 bankruptcy case in the Western District of Michigan.  The case was discharged on March 17, 2000.  Upon information and belief, Defendant did not list Sallie Mae as a creditor and Sallie Mae did not receive any payments in the chapter 13 case.

12.     Nearly 10 years later, on September 12, 2006, Plaintiff and her current spouse filed the joint chapter 7 bankruptcy case that is pending before this court.

13.     Because Plaintiff was operating under the good-faith belief that Defendant had no liability on the student loans listed in Schedule F, Plaintiff did not list Defendant as a creditor in the chapter 7 case.

14.     The debtors received a discharge under § 727 of the Bankruptcy Code on January 26, 2007.

15.     On or about June 1, 2007, in response to a request submitted to Sallie Mae, Plaintiff received documentation establishing that Richard Lind was in fact a cosigner on the student loan.

16.     Sometime in June 2007, Defendant contacted Plaintiff about the repayment status of the student loan.  At that time, Defendant was advised about Plaintiff's bankruptcy. When Defendant began insulting Plaintiff about her failure to repay the loan, Plaintiff terminated the phone call.

17.     On or about August 16, 2007, Defendant paid Sallie Mae the entire outstanding balance of $8,762.74 (apparently overpaying the account by $19.64).  Upon information and belief, although Plaintiff's account was delinquent at the time, the loan had not been defaulted and the balance had not been accelerated when Defendant opted to pay off the loan.

18.     Sometime shortly thereafter, Defendant's current spouse left an irate telephone message at Plaintiff's residence, asserting that Plaintiff owed them $8,762.74.  The call was not returned.

19.     On October 29, 2007, Defendant filed a motion in Kent County Circuit Court, Grand Rapids, Michigan, purportedly seeking to enforce the parties' divorce judgment, but in substance seeking to recoup the monies that were paid to Sallie Mae under the promissory note that Defendant co-signed.

**Count I**
**Dischargeability of Claim under § 523(a)(3)(A)**

20.     Plaintiff realleges paragraphs 1-19 above.

21.     Under § 523(a)(3)(A), a claim is excepted from discharge if it is not listed in the debtors' petition and schedules in time for the creditor to file a timely proof of claim.  Section 523(a)(3)(A) does <u>not</u> except an unscheduled debt from discharge if the creditor has notice or actual knowledge of the bankruptcy case in time to file a proof of claim.

22.     Although the debtors originally anticipated that theirs would be a no-asset case, the chapter 7 case remains open and a report of no distribution has not yet been issued.  If the trustee eventually makes a distribution to unsecured creditors, Defendant may still timely file a proof of claim to receive his pro-rata share of any distribution.

23.     Upon information and belief, Defendant had notice of Plaintiff's bankruptcy as early as September or October of 2006.  Certainly, Defendant had actual knowledge of the bankruptcy case as of June 2007.

24.     Because Plaintiff's failure to list Defendant as a codebtor did not prejudice the Defendant's ability to timely file a proof of claim, Plaintiff's personal liability on the debt to Defendant was effectively discharged on January 26, 2007.

**Count II**
**Dischargeability of Claim under § 523(a)(15)**

25.     Plaintiff realleges paragraphs 1-19 above.

26.     Under § 523(a)(15), a debt to a former spouse is not dischargeable if it is incurred "in the course of a divorce" or "in connection with a divorce decree."

3

27.     The Defendant's liability as a co-signer (and consequently a potential claim against Plaintiff) arose on October 2, 1995, when Defendant co-signed the note.  Alternatively, the debt arose post-petition when Defendant actually paid off the note on August 16, 2007.  In either event, the debt was not incurred "during the course of the divorce."

28.     Nor did the debt arise "in connection with the divorce decree."  Although Plaintiff assumed responsibility for the law-school loans, she was merely reaffirming a liability that existed prior to the divorce.  There is no mention of Defendant's co-signer liability in the divorce decree, and there is no hold-harmless provision in the divorce decree that waived either party's right to recover unpaid debts from the other.

29.     Neither Plaintiff's liability for the law-school loans, nor Defendant's liability as a co-signer on one of those loans, was created or extinguished through the divorce decree.

30.     Defendant had the ability to adjudicate his co-signer liability to Sallie Mae in his chapter 13 bankruptcy proceeding and failed to do so.  But Defendant's bankruptcy filing did cause at least one creditor to revoke payment terms with Plaintiff, and negatively impacted Plaintiff's credit report for 7 years.

31.     The debt to Sallie Mae was only approximately $250 in arrears when Defendant voluntarily made a lump-sum payment of $8,762.74.  To the extent Defendant gratuitously paid an additional $8,500 that was not due and owing, that amount should be treated as a voluntary "gift" or as a payment made for the Defendant's own benefit.

32.     If the court finds that the debt to Defendant is not dischargeable pursuant to § 523(a)(15), then the amount of Defendant's claim should be reduced to $250.

        WHEREFORE, Plaintiff, Kathleen M. Dunne, respectfully requests that this court enter an order discharging the debt allegedly owed to Defendant on the grounds that it does not fall within the exceptions to discharge found at § 523(a)(3)(A) or § 523(a)(15); and Plaintiff further requests that the court grant such other relief as justice requires.

                                        Respectfully submitted,

Dated:  November 16, 2007              /s/ Kathleen M. Dunne
                                       Kathleen M. Dunne (P-54909)
                                       Attorney at Law
                                       Plaintiff in pro per
                                       P.O. Box 737
                                       Rockford, MI 49341-0737
                                       (616) 874-5540 Office
                                       (616) 829-6290 Fax
                                       kdunne@attorneydunne.com

4