**STATE OF MICHIGAN**
**IN THE FAMILY DIVISION OF THE**
**17TH JUDICIAL CIRCUIT COURT – KENT COUNTY**

_____

KATHLEEN MARIE DUNNE, f/k/a
KATHLEEN MARIE LIND,                     Case No. 96-03243-DM

        Plaintiff,                          Hon. Kathleen A. Feeney

v.

RICHARD KEITH LIND,                      **RESPONSE TO DEFENDANT'S**
                                         **MOTION TO ENFORCE JUDGMENT**
        Defendant.                        **OF DIVORCE**
_____/

    NOW COMES Plaintiff, Kathleen Marie Dunne, in pro per, and responds to Defendant's Motion to Enforce Judgment of Divorce as follows:

    1.      Admitted.

    2.      Admitted.

    3.      Admitted that Plaintiff applied for a bar-study loan on <u>October 2, 1995</u>, which Defendant co-signed.  (See original Application and Promissory Note attached as Exhibit A.)

    4.      Denied that Plaintiff failed to make all required payments or that Sallie Mae properly calculated the amount due on the loan as of August 2007.  Plaintiff asserts that she made payments on the loan for nearly 10 years (through June 2006), at which time she was unable to continue making the payments.  Plaintiff further asserts that Sallie Mae improperly credited certain amounts toward the bar-study loan balance, and that $50 of the outstanding balance was a charge imposed on the account at Defendant's request.

    5.      Admitted that Debtor filed a joint chapter 7 bankruptcy with her current husband on <u>September 12, 2006</u>, and that the debtors received a discharge on January 26, 2007.

    6.      Plaintiff admits that Defendant attached an invoice from Sallie Mae as Exhibit B, and that the invoice speaks for itself.  Plaintiff further asserts that the invoice shows a past-due amount of only $96.88, and that the attached credit-report page shows the account as "current" and paid "as agreed."  Upon information and belief, Sallie Mae also contacted Defendant by telephone on an earlier date, at which time Defendant unilaterally agreed to a "forbearance" that added $50 to the loan balance.

    7.      Admit that Defendant appears to have paid $8,762.74 on the bar-study loan on or about August 20, 2007.  Plaintiff asserts that only $243.76 was due when Defendant gratuitously

paid off the entire balance.  Plaintiff further asserts that Defendant's credit had already been "negatively impacted" by his prior chapter 13 bankruptcy case, which was filed September 30, 1996, and discharged on March 17, 2000; and that Defendant's bankruptcy case had negatively impacted Plaintiff's credit report for 7 years, causing her to be denied credit on more than one occasion.

8.    Admit that Plaintiff agreed to pay the bar-study loan in the divorce judgment, but deny that it is unfair for Defendant to pay it now.  Plaintiff asserts that Defendant voluntarily agreed to co-sign the loan during the marriage, with full knowledge that he could be required to repay the loan in the future.  Plaintiff further asserts that it was inequitable for Defendant to accept responsibility for certain other debts in the divorce judgment, then file a bankruptcy case before the divorce was finalized – ultimately, discharging 80% of the debts Defendant had assumed as part of the property settlement.  Finally, Plaintiff asserts that it was inequitable for Defendant to gratuitously pay off the entire bar-study loan, thereby accelerating the amount due, and then shift the burden for his improvident payment to Plaintiff, with full knowledge that Plaintiff had filed bankruptcy and was unable to pay.

9.    Admit that Defendant is a self-employed attorney and that her average 3-year income as of December 2006 was $38,389.  But Plaintiff asserts that for 14 months during that 3-year period she was employed full-time with an employee-benefits consulting firm, earning annual gross income of $65,000.  Plaintiff further asserts that her self-employment income from the law practice is substantially less than the amount that was reported in December 2006.

In further response, Plaintiff states:

10.    Defendant is not entitled to reimbursement for his payment of the bar-study loan because Plaintiff's liability on any debt owed to Defendant was discharged in her chapter 7 bankruptcy case.  Alternatively, if Defendant's claim was not discharged in Plaintiff's bankruptcy, then Defendant is only entitled to reimbursement of $243.76, which is the amount that was actually due when Defendant gratuitously paid off the loan.

11.    Defendant is not entitled to a credit against his child-support obligation for any payment that he made under a legal obligation as a co-signer.  The minor child's ongoing need for financial support cannot be offset by a mere property-settlement obligation, especially when such a credit would undermine the custodial parent's current ability to provide full-time support for the minor child.

12.    Defendant is not entitled to reimbursement through nonmodifiable spousal support because he forever waived any claim to spousal support in the divorce judgment; and because such payments would have the equivalent effect of taking ongoing financial support away from the minor child.

13.    Defendant is not entitled to the equitable relief that he requests because he does not come to court with clean hands.

3

WHEREFORE, Plaintiff respectfully requests that this court deny Defendant's Motion in its entirety, award her reasonable attorney fees for time spent responding to this frivolous motion, and grant such other relief as the court deems appropriate under the circumstances.

Respectfully submitted,

Dated:   November 16, 2007

 /s/ Kathleen M Dunne
Kathleen M. Dunne (P-54909)
Attorney at Law
In pro per
P.O. Box 737
Rockford, MI 49341-0737
(616) 874-5540 Office
(616) 829-6290 Fax
kdunne@attorneydunne.com