UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

PATRICK R. DUNNE and
KATHLEEN MARIE DUNNE,                                    Case No. DG 06-04435
                                                        Hon. Scott W. Dales

                        Debtors.
_____/

KATHLEEN MARIE DUNNE,

                        Plaintiff,                      Adversary Proceeding
                                                        No. 07-80615

v.

RICHARD KEITH LIND,

                        Defendant.
_____/

### MEMORANDUM OF OPINION AND ORDER REGARDING CERTIFICATION TO COURT OF APPEALS PURSUANT TO 28 U.S.C. § 158(d)(2)

PRESENT:   HONORABLE SCOTT W. DALES
           United States Bankruptcy Judge

After a bench trial in this adversary proceeding, I issued findings of fact and conclusions of law (DN 51) explaining my reasons for ruling against Plaintiff Kathleen M. Dunne ("Plaintiff") on her complaint to declare her ex-husband's indemnification claim discharged under 11 U.S.C. § 727.  Consistent with my findings, on December 2, 2008 the Clerk entered a declaratory judgment (DN 52).  Plaintiff timely filed a notice of appeal on December 8, 2008 (DN 55), and elected to have the United States District Court hear the appeal (DN 56).  She also filed a request to certify this appeal for direct appeal to the United States Court of Appeals for the Sixth Circuit (DN 72), as contemplated in 28 U.S.C. § 158(d)(2) and Fed. R. Bankr. P.

8001(f).  Because the appeal has not yet been docketed in accordance with Fed. R. Bankr. P.

8007(b), the duty to consider the certification request falls to me.  Fed. R. Bankr. P. 8001(f)(2).  I

am issuing this opinion not because I believe it is required under Fed. R. Bankr. P. 8001(f)(4),[1]

but simply to let the parties and the appellate courts understand my reasons for certifying this

matter for direct appeal.

In reaching my decision on the merits of the Plaintiff's complaint, I found as a matter of

fact and by necessary implication that the divorce judgment dissolving the parties' marriage

imposed upon the Plaintiff the obligation to indemnify the Defendant if one of the parties' joint

creditors should call upon him to pay a debt that Plaintiff agreed to pay.  Plaintiff argued that

without specific "hold harmless" language in the divorce judgment or property settlement, she

had no obligation to indemnify the Defendant and his claim should be discharged.  I rejected

Plaintiff's argument, relying primarily upon the opinion of the Sixth Circuit's Bankruptcy

Appellate Panel in Gibson v. Gibson (In re Gibson), 219 B.R. 195 (6th Cir. BAP 1998), as legal

support for my ruling.

The Gibson panel found that when a debtor incurs an obligation to pay a joint debt as part

of a divorce proceeding, an ex-spouse could, by enforcing the terms of the divorce judgment,

compel the debtor to honor the obligation, even in the absence of a hold-harmless clause and

even though the debt was payable to a third party.  Id. at 205.  I regard the Gibson decision as

persuasive and indistinguishable.   The opinion, however, is not from the Court of Appeals.

Admittedly, and perhaps most relevant to the Plaintiff's current certification request, the

parties offered no controlling Sixth Circuit or Supreme Court opinion on this precise question,

---

[1] That part of the rule appears to require a separate "opinion or memorandum" containing the information required by Fed. R. Bankr. P. 8001(f)(3)(C)(i) – (iv) only in cases in which the court makes a *sua sponte* certification.  I am not acting on my own, but instead responding to the Plaintiff's request, and I believe Plaintiff bears the burden of explaining her reasons for seeking direct appeal.

and I found none in my own research.  So, although I found as a matter of fact that the parties' divorce judgment implied a duty to indemnify, the finding "*involve[d]* a question of law as to which there is no controlling decision of the court of appeals or of the Supreme Court of the United States . . . <u>See</u> 28 U.S.C. §158(d)(2)(A)(i) (emphasis added).

As I read Fed. R. Bankr. P. 8001(f), my role in this relatively new certification procedure is limited to simply determining "that a circumstance specified in clause (i), (ii), or (iii) of subparagraph (A) exists . . ." <u>See</u> 28 U.S.C. § 158(d)(2).  Therefore, I need not, and perhaps should not, make any comment regarding the factors that the Court of Appeals may consider after the Plaintiff files her petition with that court.  <u>See</u> Fed. R. Bankr. P. 8001(f); <u>see generally</u> <u>In re Davis</u>, 512 F.3d 856 (6th Cir. 2008) (discussing factors affecting decision to accept direct appeal).

Suffice it to say, at least one of the circumstances described in 28 U.S.C. § 158(d)(2)(A) is present, and I am prepared to direct the Clerk to enter a certification to that effect.

NOW THEREFORE IT IS HEREBY ORDERED that the Clerk shall enter on the court's docket a certification in accordance with Fed. R. Bankr. P. 8001(f) and 28 U.S.C. § 158(d).

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Opinion and Order Regarding Certification to Court of Appeals Pursuant to 28 U.S.C. § 158(d)(2) pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Kathleen M. Dunne, Esq. and Jody Jernigan, Esq.

END OF ORDER

**IT IS SO ORDERED.**  Scott W. Dales
United States Bankruptcy Judge

**Dated: February 05, 2009**